UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PARTYLITE GIFTS, INC.,

    Plaintiff,

v.    Case No. 3:06-CV-170

SWISS COLONY OCCASIONS A/K/A    JURY TRIAL DEMANDED
ACCESS VENTURES, INC., SWISS COLONY,
INC. and KATHY WATKINS,

    Defendants.

## ANSWER OF ACCESS VENTURES, INC. D/B/A SWISS COLONY OCCASIONS

NOW COMES the defendant, Access Ventures, Inc., d/b/a Swiss Colony Occasions ("Occasions"), and answers the Complaint of PartyLite Gifts, Inc. ("PartyLite"), as follows:

1. Admits that the Complaint purports to allege the causes of action stated in paragraph 1 of the Complaint, but denies the substance or sufficiency of such causes of action.

2. Admits that the Court has jurisdiction over the subject matter of the dispute as alleged in paragraph 2 of the Complaint.

3. Admits that venue is appropriate in this judicial district as to defendants Occasions and Watkins only, denies that all defendants reside in the judicial district, and admits that a portion of the alleged events occurred in this judicial district, as alleged in paragraph 3 of the Complaint (although each factual allegation will be responded to separately).

4. Admits personal jurisdiction exists as to defendants Watkins and Occasions only, and denies that personal jurisdiction exists as to defendant The Swiss Colony, Inc. ("Swiss Colony"), as alleged in paragraph 4 of the Complaint.

5. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 5 of the Complaint, and therefore denies same.

6. Occasions admits the allegations in paragraph 6 of the Complaint.

7. Occasions admits the last two sentences, but denies the remainder of paragraph 7 of the Complaint.

8. Occasions admits the first sentence of paragraph 8 of the Complaint, admits that Watkins is an employee of Occasions, but denies the remainder of the allegation in paragraph 8.

## Factual Allegation

### PartyLite and its Business

9. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 9 of the Complaint, and therefore denies same.

10. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 10 of the Complaint, and therefore denies same.

11. Occasions admits the first two sentences, but denies the remainder of the allegations contained in paragraph 11 of the Complaint.

12. Occasions admits that PartyLite uses a multi-level sales organization made up of independent contractors known as "Consultants," but denies knowledge or information sufficient to form a belief as to truth of the remainder of the allegations in the first two sentences of paragraph 12 of the Complaint, and therefore denies same. Occasions admits the third sentence of paragraph 12 of the Complaint.

13. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 13 of the Complaint, and therefore denies same.

14. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 14 of the Complaint, and therefore denies same.

15. Occasions admit that Consultants sell products at parties for a profit, but denies knowledge or information sufficient to form a belief as to truth of the remainder of the matters asserted in paragraph 15 of the Complaint, and therefore denies same.

16. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 16 of the Complaint, and therefore denies same.

17. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 17 of the Complaint, and therefore denies same.

18. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in the first and last sentences of paragraph 18 of the Complaint, and therefore denies same. Occasions denies the allegations in the second sentence of paragraph 18 of the Complaint.

**PartyLite's Relationships, Information and Reputation**

19. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in the first and second sentences of paragraph 19 of the Complaint, and therefore denies same. Occasions denies the allegations in the third and last sentences of paragraph 19 of the Complaint.

20. Occasions denies the allegations in paragraph 20 of the Complaint.

21. Occasions admits the last sentence of paragraph 21 of the Complaint because it is only a pending member at this time due to its recent entry into the business and will not be eligible for full membership consideration until December 2007. As to all other matters asserted

in paragraph 21 of the Complaint, Occasions denies knowledge or information sufficient to form a belief as to their truth, and therefore denies same.

22. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 22 of the Complaint, and therefore denies same.

23. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 23 of the Complaint, and therefore denies same.

24. Occasions denies the allegations in paragraph 24 of the Complaint.

25. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 25 of the Complaint, and therefore denies same.

26. Occasions denies the allegations in paragraph 26 of the Complaint.

**PartyLite's Relationship with Watkins**

27. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 27 of the Complaint, and therefore denies same.

28. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 28 of the Complaint, and therefore denies same.

29. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 29 of the Complaint, and therefore denies same.

30. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 30 of the Complaint, and therefore denies same.

31. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 31 of the Complaint, and therefore denies same.

32. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 32 of the Complaint, and therefore denies same.

33. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 33 of the Complaint, and therefore denies same.

34. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 34 of the Complaint, and therefore denies same.

35. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 35 of the Complaint, and therefore denies same.

36. Occasions admits that PartyLite sent Watkins a letter on or around February 27, 2006, and affirmatively states that such letter speaks for itself. Occasions denies knowledge or information sufficient to form a belief as to truth of the remainder of the allegations in paragraph 36 of the Complaint, and therefore denies same.

**Watkins' Affiliation with SCO**

37. Occasions denies that it was formed by Swiss Colony, but admits the remainder of the allegations in paragraph 37 of the Complaint.

38. Occasions admits the first and last sentences of paragraph 38 of the Complaint. Occasions denies the second sentence of paragraph 38, except admits that Occasions intends to use a method of direct sales, and lacks knowledge or information regarding PartyLite's "salesplan," and therefore denies allegations related to same.

39. Occasions admits the first two sentences of paragraph 39 of the Complaint. Occasions admits use of a form consultant agreement, states that such agreement speaks for itself, and denies that "the standard form SCO agreement expressly recognizes the trade secret status of information regarding the salesforce," as alleged in paragraph 39 of the Complaint.

40. Occasions admits the first sentence, but denies the remainder of the allegations in Paragraph 40 of the Complaint.

41. Occasions denies the allegations in paragraph 41 of the Complaint.

**The Ongoing Raid by SCO and Watkins**

42. Occasions denies the allegations in paragraph 42 of the Complaint.

43. Occasions denies the allegations in paragraph 43 of the Complaint.

44. Occasions denies the allegations in paragraph 44 of the Complaint.

45. Occasions denies the allegations in paragraph 45 of the Complaint.

46. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 46 of the Complaint, and therefore denies same.

47. Occasions denies the allegations in paragraph 47 of the Complaint.

48. Occasions denies the allegations in paragraph 48 of the Complaint.

49. Occasions denies the allegations in the first sentence of paragraph 49 of the Complaint. Occasions denies knowledge or information sufficient to form a belief as to truth of remaining allegations in paragraph 49 of the Complaint, and therefore denies same.

50. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 50 of the Complaint, and therefore denies same.

51. Occasions denies the allegations in paragraph 51 of the Complaint.

52. Occasions denies the allegations in paragraph 52 of the Complaint.

53. Occasions denies the first two sentences in paragraph 53 of the Complaint. Occasions denies knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 53 of the Complaint, and therefore denies same.

54. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in paragraph 54 of the Complaint, and therefore denies same.

55. Occasions denies the allegations in paragraph 55 of the Complaint.

56. Occasions denies the allegations in the first sentence of paragraph 56 of the Complaint. Occasions admits that PartyLite sent a letter to Watkins on or about April 26, 2006, and affirmatively states that such letter speaks for itself. Occasions denies the characterization of the letter in the third sentence of paragraph 56.

57. Occasions admits that it sent a letter to PartyLite on May 2, 2006 and affirmatively states that such letter speaks for itself. Occasions denies the characterization of the letter in the remainder of paragraph 57 of the Complaint.

58. Occasions denies the allegations in paragraph 58 of the Complaint.

59. Occasions denies knowledge or information sufficient to form a belief as to truth of the matters asserted in the first sentence of paragraph 59 of the Complaint, and therefore denies same. Occasions denies the remainder of the allegations in paragraph 59 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Misappropriation of Trade Secrets

60. Occasions denies the allegations in paragraph 60 of the Complaint.

61. Occasions denies the allegations in paragraph 61 of the Complaint.

62. Occasions denies the allegations in paragraph 62 of the Complaint.

63. Occasions denies the allegations in paragraph 63 of the Complaint.

64. Occasions denies the allegations in paragraph 64 of the Complaint.

65. Occasions denies the allegations in paragraph 65 of the Complaint.

66. Occasions denies the allegations in paragraph 66 of the Complaint.

67. Occasions denies the allegations in paragraph 67 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Breach of Contract and Fiduciary Duty

68. Occasions denies the allegations in paragraph 68 of the Complaint.

69. Occasions denies the allegations in paragraph 69 of the Complaint.

70. Occasions denies the allegations in paragraph 70 of the Complaint.

71. Occasions denies the allegations in paragraph 71 of the Complaint.

72. Occasions denies the allegations in paragraph 72 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Tortious Interference

73. Occasions denies the allegations in paragraph 73 of the Complaint.

74. Occasions denies the allegations in paragraph 74 of the Complaint.

75. Occasions denies the allegations in paragraph 75 of the Complaint.

76. Occasions denies the allegations in paragraph 76 of the Complaint.

77. Occasions denies the allegations in paragraph 77 of the Complaint.

78. Occasions denies the allegations in paragraph 78 of the Complaint.

79. Occasions denies the allegations in paragraph 79 of the Complaint.

80. Occasions denies the allegations in paragraph 80 of the Complaint.

81. Occasions denies the allegations in paragraph 81 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Inducement to Breach

82. Occasions denies the allegations in paragraph 82 of the Complaint.

83. Occasions denies the allegations in paragraph 83 of the Complaint.

84. Occasions denies the allegations in paragraph 84 of the Complaint.

85. Occasions denies the allegations in paragraph 85 of the Complaint.

86. Occasions denies the allegations in paragraph 86 of the Complaint.

87. Occasions denies the allegations in paragraph 87 of the Complaint.

88. Occasions denies the allegations in paragraph 88 of the Complaint.

89. Occasions denies the allegations in paragraph 89 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### Inducement to Breach as Against SCO/Swiss Colony

90. Occasions denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 90 of the Complaint, and therefore denies same.

91. Occasions denies the allegations in paragraph 91 of the Complaint.

92. Occasions denies the allegations in paragraph 92 of the Complaint.

93. Occasions denies the allegations in paragraph 93 of the Complaint.

94. Occasions denies the allegations in paragraph 94 of the Complaint.

95. Occasions denies the allegations in paragraph 95 of the Complaint.

96. Occasions denies the allegations in paragraph 96 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition/Trade Practices

97. Occasions denies the allegations in paragraph 97 of the Complaint.

98. Occasions denies the allegations in paragraph 98 of the Complaint.

## ADDITIONAL DEFENSES

1. This court lacks personal jurisdiction over Swiss Colony and/or service of process on it was improper.

2. With regard to any alleged contract, failure of consideration.

3. Watkins owed no duty of loyalty or a fiduciary duty to Plaintiff.

4. Plaintiff has no actual damages.

5. Plaintiff has failed to mitigate it damages.

6. Plaintiff's damages, if any, are the result of acts or omissions committed by Plaintiff.

7. Plaintiff's damages, if any, are the result of the acts of third parties over whom Occasions has no control.

8. Plaintiff failed to exercise reasonable efforts to maintain the secrecy of the information alleged to have been misappropriated.

9. The information alleged to have been misappropriated does not derive independent economic value by virtue of not being known to others.

10. The information alleged to have been disclosed by Watkins is not confidential.

11. The information alleged to have been misappropriated and/or disclosed is general knowledge.

12. The alleged trade secrets are available through publicly accessible means.

13. Occasions has a privilege to compete with PartyLite by lawful means.

14. Occasions has not acted maliciously or with improper means.

15. Defendants have not caused third parties to breach their contracts with PartyLite.

16. Defendants have not induced third parties to terminate their relationships with PartyLite.

17. The code of ethics is not a contract.

18. The employee handbook is not a contract.

19. PartyLite cannot, by contract, impose an obligation to maintain the confidentiality of information which is not a trade secret.

20. Kathy Watkins' general knowledge and skill is not subject to trade secret protection.

21. Kathy Watkins' personal relationships are not subject to trade secret protection.

22. PartyLite and Watkins did not bargain for or agree to a non-compete, and even if they had, such a restriction is not reasonably necessary for PartyLite's protection.

23. The Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, the defendant, Access Ventures, Inc. d/b/a Swiss Colony Occasions prays for judgment in its favor and against the plaintiff, PartyLite Gifts, Inc., for the costs of this action, and for all other relief deemed proper.

Dated this 16th day of June, 2006.

Respectfully Submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: s/Mathew D. Brownfield
John P. Konvalinka, BPR #1780
Mathew D. Brownfield, BPR #10921
633 Chestnut St., Ste. 900
Chattanooga, Tennessee 37450-0900
(423) 756-8400
(423) 756-6518 facsimile

MICHAEL BEST & FRIEDRICH, LLP
Ian A. J. Pitz
Amy O. Bruchs
One South Pinckney St., Ste. 700
Madison, WI 53703-4257
(608) 257-3501
(608) 283-2275 facsimile

*Attorneys for Defendants Access Ventures, Inc. d/b/a Swiss Colony Occasions and The Swiss Colony, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2006 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.



                                                                  s/Mathew D. Brownfield

P:\Folders I-Z\S926\001\Answer of Occasions.DOC