UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| PARTYLITE GIFTS, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CV-170 |
| | ) | | (VARLAN/SHIRLEY) |
| SWISS COLONY OCCASIONS, a/k/a | ) | | |
| ACCESS VENTURES, INC., SWISS | ) | | |
| COLONY, INC., and KATHY WATKINS, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM & ORDER**

This civil action is before the Court on two motions: (1) defendants' Motion for Stay Pending Interlocutory Appeal, and for Additional Time to Respond to Discovery Requests [Doc. 45] and (2) plaintiff's Motion for Scheduling Conference and Order [Doc. 48]. In the pending motion to stay, defendants request that the Court either stay the proceedings in this case pending resolution of the interlocutory appeal filed by plaintiff on August 25, 2006, or grant them an additional thirty (30) days to respond to plaintiff's discovery requests. In support of this motion, defendants argue that "extensive and burdensome discovery may be avoided depending upon the ultimate ruling from the Sixth Circuit" on plaintiff's interlocutory appeal of this Court's denial of its motion for preliminary injunction. [Doc. 46 at 2.] Plaintiff has responded in opposition to the motion to stay [Doc. 48], arguing that there is no reason to stay this case, given that "[t]he issuance of a preliminary injunction is a collateral issue, and does not impact Plaintiff's claim for damages." [Doc. 48 at 2-3.] In this

response, plaintiff also argues that "a brisk discovery schedule must be imposed" in this case, [*id.* at 6], and requests that the Court enter a scheduling order setting forth discovery deadlines for the parties. [*Id.* at 8.]

In evaluating whether a stay should be granted pending a circuit court's disposition of an interlocutory appeal, the Court considers the same factors it does for a preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004); *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). As to the first factor, the party seeking the stay must demonstrate a likelihood of reversal of the interlocutory appeal at issue in order to show a likelihood of success on appeal. *Griepentrog*, 945 F.2d at 153. Put another way, the movant must show "serious questions going to the merits of the district court's decision. *West Tenn. Chap. of Assoc. Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp.2d 1015, 1027 (W.D. Tenn. 2000) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

Here, given that plaintiff initiated the interlocutory appeal [*see* Doc. 44] of the Court's denial of its motion for a preliminary injunction [Doc. 43], defendants are in the position of arguing that the Sixth Circuit should uphold this Court's decision on the motion for a preliminary injunction. Thus, they are effectively on the wrong side of the dispute for the

purpose of requesting a stay pending the interlocutory appeal, as they are arguing that the Court should be upheld – and not reversed – on its denial of plaintiff's motion for a preliminary injunction. *See Griepentrog*, 945 F.2d at 153 ("In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal."). Accordingly, defendants' motion to stay [Doc. 45] is respectfully **DENIED**.

As to plaintiff's Motion for Scheduling Conference and Order [Doc. 48], the Court notes that, in every case, it enters scheduling orders as soon as is practicable for the Court and the parties. Accordingly, the Court **GRANTS** plaintiff's motion and will enter a scheduling order in this case as expeditiously as possible.

IT IS SO ORDERED.

                                                  s/ Thomas A. Varlan
                                                  UNITED STATES DISTRICT JUDGE