UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PARTYLITE GIFTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:06-cv-00170 |
| v. | : | |
| | : | Varlan/Shirley |
| SWISS COLONY OCCASIONS | : | |
| A/K/A ACCESS VENTURES, INC., | : | |
| SWISS COLONY, INC.(sic), and | : | Jury Trial Demanded |
| KATHY WATKINS, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT ACCESS VENTURES, INC.'S MOTION TO COMPEL DISCOVERY

This matter is before the Court upon consideration of Access Ventures, Inc.'s ("Access") Motion to Compel Discovery ("Motion"), filed contemporaneously herewith. Pursuant to Rules 33, 34 and 37 of the Federal Rules of Civil Procedure, Access seeks to compel full and detailed responses to its discovery requests, including Interrogatories and the Request for Production, propounded on August 1, 2006, and to which PartyLite responded on or about January 25, 2008. In support of its motion, Access states as follows:

1. On or about August 1, 2006, Access served PartyLite with Defendant's First Set of Interrogatories Nos. 1-25 and First Set of Document Requests Nos. 1-41(Access' "First Set of Discovery") seeking detailed information and documents relevant to PartyLite's trade secrets misappropriation and other claims. That First Set of Discovery is attached to the Declaration of Amy O. Bruchs, Esq. in Support of Access

Ventures, Inc.'s Motion to Compel as Exhibit A ("Bruchs Decl. ¶ 2, Exh. A").

2. Both parties delayed responding to discovery requests while PartyLite's interlocutory appeal of this Court's denial of PartyLite's Motion for Preliminary Injunction and Other Relief was pending with the 6th Circuit. Upon remand, the parties agreed in their "Report of the Fed. R. Civ. P. 26(f) Meeting" to serve responses to outstanding discovery requests by January 25, 2008. (Id. at ¶ 3).

3. On January 25, 2008, Defendants served responses to PartyLite's requests for production of documents. Those responses offered to produce responsive documents at a mutually convenient time, when PartyLite's documents were likewise available. (Id. at ¶ 4, Exh. B at p. 3). As of April 11, 2008, the day it filed its Motion to Extend Expert Disclosure Deadline, PartyLite had not asked to inspect nor had it requested copies of the responsive documents, and has not done so as of the date of filing this motion. (Id. at ¶ 4). In addition, further correspondence regarding the availability of Defendant's document production was sent to Plaintiff's counsel on April 24, 2008. (Bruchs' Decl. ¶ 7; Exh. E).

4. On January 25, 2008, PartyLite served its responses to Access' First Set of Discovery. (Id. at ¶ 5, Exh. C). As will be further described below, PartyLite grossly failed to make complete discovery on the majority of Access's Interrogatories and Document Requests.[1] As a result, in a good faith attempt to resolve the discovery dispute without this Court's intervention, on March 14, 2008 Defendants sent James Sandnes, Plaintiff's attorney, a detailed eighteen (18) page letter addressing the deficiencies in

---

[1] Apparently, PartyLite anticipated that its responses would be unacceptable because within its responses, it "offer[ed] to confer in good faith to resolve any issues which may arise by virtue of [its] response and objections to defendants' interrogatories and document requests." It has not kept this promise.

PartyLite's responses. ("March 14 Letter") (Id. at ¶ 6, Exh. D). The March 14 Letter asked PartyLite to respond by March 21, 2008. To date, PartyLite has completely ignored the letter, providing no response at all.

5. The complete substantive basis for Access's motion is explained in the March 14th letter (attached to Bruchs' Declaration as Exhibit D); therefore for the sake of efficiency, Access does not repeat its detailed arguments related to each interrogatory and request in dispute in the body of this motion. Rather, it provides an overview and some discrete examples of the deficiencies.

6. Party-Lite has provided evasive and incomplete responses to Interrogatories 1 through 4, 7 through 9, 11 through 18, and 24 through 25; effectively it has only answered eight out of twenty-five interrogatories. PartyLite's refusal to provide information directly related to its claims is glaring. For example, in response to Interrogatory No. 3 ("Describe with particularity the exact nature of each Trade Secret of PartyLite that you claim was misappropriated by Kathy Watkins, Swiss Colony or Occasions"), PartyLite provides a very general description "that its trade secrets include the identity of and detailed information regarding PartyLite' s relationship with its field salesforce, which are among its most valuable assets…" and that Watkins had access to such information during her employment with PartyLite. However, the response: (a) does not describe what trade secrets PartyLite claims to have been misappropriated, but rather simply alleges, very generally, that PartyLite has trade secrets; and (b) does not identify which trade secrets PartyLite believes were misappropriated by Ms. Watkins, but rather simply describes the types of information to which Ms. Watkins had access.

PartyLite's description of its alleged trade secrets is so generic that it is meaningless, and simply restates its allegations as to the type of information Watkins is accused of taking. (Id. at Exh. D at pp. 2-3).

7. Likewise, PartyLite's responses to Document Requests No. 4 through 7, 12 through 17, 20, 22 through 23, 25 through 29, 34, and 40 through 41 are evasive and incomplete, even as to core issues. For example, Request No. 4 goes to the heart of the case, requesting, "All documents describing, containing, disclosing or setting forth Trade Secrets which you contend Watkins disclosed to Occasions and/or Swiss Colony." PartyLite does not describe what it believed was disclosed, but rather, responds: "…PartyLite will produce samples of the types of non-privileged general and regular reports that were sent or made available to Watkins in the three year period prior to the institution of this litigation." Again, PartyLite refuses to disclose evidence (if any) of what Watkins actually took and then disclosed to Access or The Swiss Colony, Inc. (Id. at Exh. D at p. 11).

8. Prior to April 11, 2008, PartyLite had not produced any documents responsive to Defendants' discovery requests. Then, on April 11, 2008 – contemporaneously with moving this court to extend the expert deadline -- it produced a box of 2,080 documents and offered to produce a disk image of Ms. Watkins' computer. However, the produced documents did not address any of the issues raised in the March 14 Letter. The produced documents did not go to the heart of PartyLite's claims and Access' requests. Essentially, what on the surface appeared to be a production was really a non-production that failed to address the issues raised in the March 14 Letter. (Rifelj

Decl. at ¶ 2).

9. Nearly half of the 2,080 documents consisted of the 2000 – 2007 10-K filings of PartyLite's indirect parent corporation, Blyth, Inc., with the Securities and Exchange Commission. (Id.) Access presumes these documents were produced in response to its Request No. 34, which requested all PartyLite "financial statements, pro formas or financial projections" from 2000 through the date of its response. (Bruchs Decl., Exh. A). In its initial responses, dated January 25, 2008, PartyLite offered to produce the 10K forms, but objected to producing any further information. (Id. at Exh. C). Access specifically addressed this objection in the March 14 Letter stating, in part, that "PartyLite has placed its financial condition directly at issue in this litigation by blaming Defendants for the loss of sales revenue." It further explained that responsive information would be relevant to showing whether PartyLite satisfied its budgetary projections despite the alleged conduct or whether other financial constrains existed prior to Swiss Colony Occasions commencing business. PartyLite has not even attempted to address these arguments. (Id. at Exh. D at p. 17).

10. The remaining documents PartyLite produced on April 11, consisted of a handful of documents regarding Swiss Colony Occasions and numerous duplicate copies of PartyLite's Consultant Guides, order forms, catalogs, and similar general consultant and hostess information. None of the documents were marked Confidential or Highly-Confidential pursuant to the Protective Order; hence, Access assumes that PartyLite does not contend that they constitute any of the confidential information or trade secrets at issue in this case. (Rifelj Decl. ¶ 2). Although these documents may be relevant, they do

not address any of the concerns raised in the March 14 Letter, nor do they represent the core documents necessary for Access to evaluate PartyLite's claim. Moreover, they represent a miniscule fraction of the information and documents to which Access is entitled pursuant to its request.

11. The summary judgment deadline in this case is looming (May 9th), and Access is prejudiced in its ability to present such a motion, in light of PartyLite's failure/refusal to define its trade secrets and its disregard of Access' discovery requests.

For all the above reasons set forth herein, and in Access' Motion, Defendant Access Ventures, Inc. respectfully requests that the Court grant its Motion to Compel and order Plaintiff to provide a full and detailed response to Access' First Set of Discovery Requests no later than April 30, 2008, or otherwise as soon as possible. Further, Defendant Access Ventures, Inc. requests that it be awarded its attorney fees and costs with regarding to bringing the motion.

Respectfully Submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: s/John P. Konvalinka
John P. Konvalinka, BPR #1780
Mathew D. Brownfield, BPR #10921
*Attorneys for Access Ventures, Inc. d/b/a Swiss Colony Occasions and The Swiss Colony, Inc.*
633 Chestnut St., Ste. 900
Chattanooga, Tennessee 37450-0900
(423) 756-8400
(423) 756-6518 facsimile

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 24, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

                  s/John P. Konvalinka

P:\Folders I-Z\S926\001\Brief re Motion to Compel.doc