IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| PARTYLITE GIFTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:06-CV-00170 |
| | ) |
| SWISS COLONY OCCASIONS a/k/a | ) |
| ACCESS VENTURES, INC., | ) |
| SWISS COLONY, INC., | ) |
| AND KATHY WATKINS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO ENFORCE SETTLEMENT

Comes the Defendant, Kathy Watkins, ("Watkins") by and through counsel, and submits this Memorandum of Law in Support of Motion to Enforce Settlement.

As demonstrated in her Motion, she and Access Ventures, d/b/a Swiss Colony Occasions ("Occasions"), came to an agreement to settle all differences between them. The essential terms of the agreement are (1) an agreed upon consideration; (2) the exchange of mutual releases; (3) the terms of the settlement will remain confidential; and (4) Ms. Watkins would obtain dismissal of PartyLite's dismissal against her. Watkins has obtained dismissal of PartyLite's lawsuit against her by stipulation entered in this case on August 28, 2008. There is no dispute as to the consideration or the confidentiality. However, Occasions has refused and continues to refuse to execute a settlement agreement which contains mutual releases and to consummate the settlement.

Settlement agreements, even if oral, are enforceable by courts. *Bamerilease Capitol Corp. v. Neaburg*, 958 F.2d 150, 152 (6th Cir.), cert. denied, 113 S.W.2d 194 (1992). *National*

*Coal Corp. v. National Union Fire Insurance Co.*, 2007 WL 2385388 (E.D. Tenn. 2007) . In order to enforce an oral agreement to settle, the party seeking to enforce it must prove "(1) mutual assent to the contract's terms, and (2) that the terms are sufficiently definite to be enforceable." *National Coal Corp.* at p. 3, citing *Castelli v. Lien*, 910 S.W.2d 420, 426-47 (Tenn. Ct. App. 1995).

There can be little doubt that the terms agreed upon by the parties are definite enough to be enforced and that there was been mutual assent to the terms. The four points agreed upon are sufficient to constitute a settlement. Ms. Watkins has already fulfilled one of the conditions of the settlement, and there is no dispute as to the consideration. The sticking point here is Occasions' refusal to execute a confidential settlement agreement which contains mutual releases, after having agreed to do so.

Accordingly, Watkins seeks an order by this Court to enforce the agreement reached between the parties.

Respectfully submitted this 22nd of September, 2008.

WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC

s/W. Kyle Carpenter
W. Kyle Carpenter Esq., BPR 005332
Meghan H. Morgan, Esq., BPR 024619

Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000

*Attorneys for Defendant Kathy Watkins*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

| | |
|---|---|
| John P. Konvalinka, Esq.<br>Mathew D. Brownfield, Esq.<br>Grant, Konvalinka & Harrison, P.C.<br>633 Chestnut Street<br>Ste. 900 Republic Centre<br>Chattanooga, TN 37450-0900 | Amy O. Bruchs, Esq.<br>Ian Pitz, Esq.<br>Michael Best & Friedrich, LLP<br>One South Pinckney Street, Ste. 700<br>Madison, WI 53703 |
| Dwight E. Tarwater, Esq.<br>Paine, Tarwater, Bickers & Tillman, LLP<br>800 South Gay Street<br>1100 First Tennessee Plaza<br>Knoxville, TN 37929 | James Sandnes, Esq.<br>Smith & Campbell, LLP<br>110 Wall Street<br>New York, NY 10005 |

This the 22nd day of September, 2008.

_s/W. Kyle Carpenter_