UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PARTYLITE GIFTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-170 |
| | ) | (VARLAN/SHIRLEY) |
| SWISS COLONY OCCASIONS, a/k/a | ) | |
| ACCESS VENTURES, INC., SWISS | ) | |
| COLONY, INC., and KATHY WATKINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is presently before the Court on defendant Kathy Watkins's Motion to Enforce Settlement [Doc. 86], in which Watkins requests that the Court enter an order enforcing the settlement agreement between defendant Watkins and defendant Swiss Colony Occasions ("Swiss Colony"). Defendants Swiss Colony Occasions a/k/a/ Access Ventures, Inc., and The Swiss Colony, Inc. (collectively "the corporate defendants') responded in opposition to the motion [Doc. 90] arguing that the Court lacks subject matter jurisdiction over the settlement at issue. For the reasons that follow, defendant Watkins's motion will be denied.

Defendant Kathy Watkins was formerly employed by plaintiff PartyLite Gifts, Inc., as a Director of Sales Development, before she joined defendant Swiss Colony as Senior Vice President of Sales. Plaintiff PartyLite filed this civil action contending that defendant Watkins and defendant Swiss Colony were raiding plaintiff's sales force by making use of

trade secrets defendant Watkins misappropriated from plaintiff. Plaintiff alleged that defendants' recruitment practices constituted tortious interference and inducement to breach of contract, breach of contract and fiduciary duty, and unfair competition. All claims between plaintiff and the corporate defendants were dismissed with prejudice by Stipulation and Order entered on May 29, 2008 [Doc. 83]. All claims between plaintiff and defendant Watkins were dismissed with prejudice by Stipulation and Order entered on August 28, 2008 [Doc. 85].

There were never any claims asserted between defendant Watkins and the corporate defendants in this case. However, defendant Watkins states that she came to an agreement with the corporate defendants settling all differences between them. [*See* Doc. 87.] Defendant Watkins states that the essential terms of this agreement are (1) an agreed upon consideration; (2) the exchange of mutual releases; (3) the terms of the settlement will remain confidential; and (4) Ms. Watkins would obtain dismissal of PartyLite's dismissal against her. [*See id.*] Despite this alleged agreement, no obligations on the part of defendant Watkins or the corporate defendants in regard to their dealings with each other were made part of any of the Court's previous orders in this case. Thus, the Court lacks subject matter jurisdiction over the present dispute between the parties regarding their settlement agreement.

Even if the parties originally had a dispute before the Court in this case, the Court would not have subject matter jurisdiction over this motion to enforcement settlement. In *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), the Supreme Court determined that the district court improperly concluded it had subject matter jurisdiction over

2

a motion to enforce a settlement agreement. The Court found that the motion to enforce was essentially a claim for breach of contract and was therefore a matter for state court. *Id.* at 382. The *Kokkonen* Court was not persuaded by the fact that part of the consideration for the settlement agreement was dismissal of an earlier suit between the parties in federal court. *Id.* at 379.

For all of the reasons stated herein, the Court finds that any settlement agreement between these two parties is simply a private contract over which the Court lacks jurisdiction. Accordingly, defendant Watkins's Motion to Enforce Settlement [Doc. 86] is **DENIED**.

IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE